4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JUVENILE MALE NUMBER ONE, Defendant-Appellant.
 No. 92-5544.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 19, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. David B. Sentelle, U.S. Circuit Judge, sitting by designation. (CR-91-143-B)
 Ronald C. True, Lindsay & True, Asheville, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 On November 22, 1991, Defendant pled guilty to four counts of an information charging him with breaking and entering and larceny on the Cherokee Indian Reservation in western North Carolina. He was placed on probation. On February 10, 1992, a probation violation petition was filed. On May 29, 1992, Defendant was charged in a second information with more crimes. While incarcerated on state charges, Defendant was transferred on June 8, 1992, to federal custody. On June 9, he was served with and arraigned on the probation violation petition.
 
 
 2
 On July 15, 1992, he moved to dismiss both the second information and the probation violation petition, claiming a violation of the speedy trial provision of 18 U.S.C. Sec. 5036 (1988). The district court granted the motion with respect to the information but denied the motion as to the probation violation petition. On appeal, Defendant claims that the decision not to dismiss the petition constituted a violation of Sec. 5036. Finding no merit in this argument, we affirm.
 
 
 3
 The plain language of Sec. 5036 is dispositive in this case. The statute provides:
 
 
 4
 If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed[.] ... Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted.
 
 
 5
 18 U.S.C. Sec. 5036. The statute clearly addresses the situation in which a juvenile's detention is pursuant to an information charging him with a crime. In the subject case, Defendant's detention was pursuant to the second information, rather than the probation violation petition. The district court correctly refused to dismiss that petition.
 
 
 6
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED